16-3024-cv
Karagozian v. Sam's East, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand seventeen.

PRESENT:　RALPH K. WINTER,
　　　　　　REENA RAGGI,
　　　　　　　　*Circuit Judges*,
　　　　　　ALVIN K. HELLERSTEIN,
　　　　　　　　*District Judge*.[*]

-----------------------------------------------------------------------

OHAN KARAGOZIAN,

　　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　No. 16-3024-cv

SAM'S EAST, INC.,

　　　　　　　　*Defendant-Appellee*.

-----------------------------------------------------------------------

FOR APPELLANT:　　　　John R. Williams, Esq., New Haven, Connecticut.

FOR APPELLEE:　　　　Hugh F. Murray, III, Pamela J. Moore, Sami Asaad, McCarter & English, LLP, Hartford, Connecticut.

---

[*] Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the August 11, 2016 judgment of the district court is AFFIRMED.

Plaintiff Ohan Karagozian, a licensed optician, appeals from an award of summary judgment to defendant Sam's East, Inc. ("Sam's Club") on Karagozian's claim of sex discrimination pursuant to the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60(a)(1) *et seq.*[1]  We review an award of summary judgment *de novo*, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Matthews v. City of New York*, 779 F.3d 167, 171–72 (2d Cir. 2015).  We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Sex discrimination claims under CFEPA are evaluated under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010); *Craine v. Trinity Coll.*, 259 Conn. 625, 636–37 & 637 n.6, 791 A.2d 518, 530–31 & 531 n.6 (2002).  Under that framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination.  *See Craine v. Trinity Coll.*, 259 Conn. at 638, 791 A.2d at 531.  The

---

[1] Although Karagozian also asserted claims for age and national-origin discrimination, he does not pursue them in this appeal.  Accordingly, we deem those claims waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

2

burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the adverse action. *Id.* at 643, 791 A.2d at 543. If the employer does so, the ultimate burden is the plaintiff's to prove that the justification is merely a "pretext for an unlawful motive." *Id.* at 644, 791 A.2d at 535. Karagozian challenges the district court's conclusion that, even assuming he could articulate a *prima facie* case, he failed to adduce sufficient evidence to carry his ultimate burden. The argument fails on the merits.

Karagozian does not dispute any material fact of this case, including that (1) he was convicted of a felony possession-with-intent-to-distribute drug offense in 1989; (2) in applying for a Sam's Club optician position, his hiring was contingent on completion of a background check authorization form; (3) he disclosed his felony conviction on that form; (4) Wal-Mart Stores, Inc., which owns Sam's Club, has a uniform policy against hiring those convicted of felony possession-with-intent drug offenses for positions in the department to which Karagozian was applying; and (5) his conditional offer of employment was rescinded pursuant to that "facially neutral hiring policy." Appellant's Br. 16. Karagozian argues only that the hiring policy is neither "nondiscriminatory" nor "legitimate," *see Craine v. Trinity Coll.*, 259 Conn. at 643, 791 A.2d at 543, because Equal Employment Opportunity Commission statistics demonstrate that men and women are convicted of drug crimes at different rates, causing a "disparate impact . . . upon male job applicants," and Sam's Club has not "articulate[d], much less demonstrate[d], any business necessity for [its] policy" as applied to opticians, Appellant's Br. 13.

These arguments fail as a matter of law. First, while the statistics—which Karagozian cites for the first time on appeal—could be relevant to a disparate-*impact* claim, Karagozian concedes that he does not bring such a claim. The statistics do not support the disparate-*treatment* claim he brought because Karagozian's burden on that claim is to show that Sam's Club's justification for adverse action was a pretext for actual discrimination, *see Craine v. Trinity Coll.*, 259 Conn. at 644, 791 A.2d at 535, not the policy's possible discriminatory effect.[2]

Second, while Karagozian concedes that Sam's explanation for not hiring him was "undoubtedly genuine," he contends that the policy was not "legitimate" because it lacked any "relationship to the job." Appellant's Reply Br. 6. That argument fails because disputes as to the wisdom of an employment policy cannot alone raise an inference of unlawful discrimination. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) ("[W]e do not sit as a super-personnel department that reexamines an entity's business decisions." (internal quotation marks omitted)); *Board of Educ. of City of Norwalk v. Comm'n on Human Rights & Opportunities*, 266 Conn. 492, 513, 832 A.2d 660, 672 (2003) ("[W]e do not second-guess an employer's hiring standards." (internal quotation marks omitted)). Accordingly, Sam's Club's justification cannot be illegitimate for this reason.

---

[2] Because Karagozian concededly does not bring a disparate-impact claim, we need not address whether the statistics, if properly presented as evidence, would be sufficient to sustain such a claim.

4

We have considered Karagozian's remaining arguments and conclude that they are without merit. Accordingly, the August 11, 2016 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court